IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARLANDA A. SMITH,<br><br>           Plaintiff,<br><br>      v.<br><br>MARNE L. MERCER, in her official and individual capacity with the DeKalb County Police Department, W.L. WALLACE, in her official and individual capacity with the DeKalb County Police Department, WILLIAM O'BRIEN, in his official and individual capacity with the DeKalb County Police Department, VALDIS CULVER, in his official and individual capacity with the DeKalb County Sheriff's Office, NICK MENDEZ, in his official and individual capacity with the DeKalb County Sheriff's Office, and THOMAS BROWN, in his official and individual capacity with the DeKalb County Sheriff's Office,<br><br>           Defendants. | CIVIL ACTION FILE<br><br>NO. 1:13-CV–00768-RWS |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 action is before the Court on Plaintiff Arlanda A. Smith's application for leave to proceed in forma pauperis ("IFP") (Doc. 1). After consideration of Smith's application, I find that he meets the financial requirements for IFP status and

**GRANT** his request to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). However, I **RECOMMEND** that Smith's case be **DISMISSED** under 28 U.S.C. § 1915(e)(2) because all of Smith's federal claims are barred by the statute of limitations.

**I.     Background**

In his complaint, Smith contends that his constitutional rights were violated when he was arrested for stalking on July 5, 2010. (See Complaint). The story behind Smith's arrest begins in 2009, when he filed an earlier civil rights action in this Court against Defendant Mercer, who is a DeKalb County, Georgia, police officer. (Id. ¶¶ 7, 59).[1] Smith was granted leave to proceed IFP, and the United States Marshals Service ("USMS") was directed to serve the summons and complaint on Mercer. (Id. ¶¶ 60-62). However, serving Mercer proved to be a difficult endeavor. Over a period of two months, the USMS made four unsuccessful attempts to find Mercer at her place of work. (Id. ¶¶ 63-71). The USMS finally was able to serve Mercer on its fifth try, on June 9, 2010. (Id. ¶ 72).

The return of service form was placed on the Court's docket. (See id.). However, the associated docket entry erroneously stated that service was unexecuted. (Id.). When Smith noticed the discrepancy, he contacted the Clerks' Office and was

---

[1]The earlier case is Smith v. Mercer et al., No. 1:09-CV-3008-RWS.

incorrectly told that Mercer had not yet been served. (Id. ¶ 73).

Realizing that the deadline for service was fast approaching, and not wanting his case to be dismissed, Smith decided to lend assistance to the USMS. (Id. ¶ 74). He began calling Mercer at her place of work, asking her to contact the USMS and stop attempting to evade service. (Id.). Smith also reached out to Mercer's supervisor and Mercer's attorney. (Id. ¶ 75). Mercer reported these calls to another officer, Defendant W.L. Wallace, and Mercer and Wallace collaborated to obtain a misdemeanor arrest warrant against Smith for stalking. (Id. ¶¶ 8, 78).

Defendants Valdis Culver and Nick Mendez, who are DeKalb County Sheriff's Deputies, were assigned to execute the arrest warrant. (Id. ¶¶ 10-11, 79). When the deputies arrived at Smith's residence, they asked him to step onto the porch and "tell them what was going on between Mercer and him." (Id. ¶ 79A). Smith explained that he had filed a civil action against Mercer and had called her merely to ensure that she would be served with a copy of his complaint. (Id. ¶ 79B). After hearing Smith's side of the story, and reviewing documents from his case, the deputies told Smith that they did not see probable cause for the issuance of the arrest warrant. (Id. ¶¶ 79C, 79E). Nevertheless, they announced that they were still there to execute the arrest warrant, and took Smith into custody. (Id. ¶¶ 79, 79E).

3

After his arrest, Smith was not brought before a judge for a commitment hearing, as required by O.C.G.A. § 17-4-26 and Uniform Magistrate Court Rule 25. (Id. ¶ 80). One month later, on August 9, 2010, a state court judge permitted Smith to sign a bond on his own recognizance. (Id. ¶ 81). A jury acquitted Smith of the stalking charge on March 7, 2011, and a final order was entered in the case on March 8. 2011. (Id. ¶¶ 5, 86).

In his complaint, Smith asserts that Mercer, Wallace, Culver, and Mendez violated his Fourth Amendment rights by procuring and executing an arrest warrant that was not supported by probable cause. (Id. ¶¶ 13-14, 23-24, 37-38, 45-46). He further contends that those defendants violated his Fourth and Fourteenth Amendment rights by failing to bring him before a judge for a timely commitment hearing as required by Georgia law. (Id. ¶¶ 17-18, 27-28, 41-42, 49-50). Smith is also suing William O'Brien, the DeKalb County Police Chief, and Thomas Brown, the Sheriff of DeKalb County, arguing that they violated his constitutional rights by failing to properly train their respective subordinates. (Id. ¶¶ 9, 12, 33-36, 53-56). In addition to his federal claims, Smith is bringing related state-law tort claims for false arrest, false imprisonment, and intentional infliction of emotional distress against all of the Defendants, as well as claims for malicious prosecution against Mercer and Wallace. (Id. ¶¶ 15-16, 19-22,

4

25-26, 29-32, 39-40, 43-44, 47-48, 51-52, 57-58).

## II.     Discussion

When a plaintiff requests leave to proceed IFP, the Court must review the proposed complaint to determine whether it is frivolous, and, if so, must dismiss it without prejudice. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 325, 109 S.Ct. at 1831-32, or if "the plaintiff's realistic chances of ultimate success are slight." Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (internal quotation marks omitted). A dismissal under § 1915(e)(2) is warranted if it "appear[s] beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (internal quotation marks omitted).

Claims under 42 U.S.C. § 1983 are subject to the forum state's statute of limitations for personal injury actions. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). In Georgia, the applicable limitations period is two years. Id.; see also O.C.G.A. § 9-3-33. The statute of limitations on a § 1983 claim begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person

with a reasonably prudent regard for his rights." Lovett, 327 F.3d at 1182 (internal quotation marks omitted).

I will first address Smith's claims that Defendants violated his Fourth Amendment rights by arresting him under a warrant that was not supported by probable cause. For purposes of § 1983, a plaintiff has a cause of action for false arrest once he is detained pursuant to a legal process. Wallace v. Kato, 549 U.S. 384, 397, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Here, Smith was arrested on July 5, 2010, (see Complaint ¶ 79), so he had two years from that date to bring his Fourth Amendment claim. However, Smith did not submit the present complaint until March 2013, more than two years after his arrest. (See Complaint). Therefore, I conclude that Smith's Fourth Amendment claims are untimely. Smith's state-law claims for false arrest are untimely for the same reason. See Reese v. City of Atlanta, 247 Ga.App. 701, 702, 545 S.E.2d 96, 98 (2001) (holding that a tort claim for false arrest must be brought within two years of the plaintiff's arrest).

Next, Smith asserts that Defendants violated his Fourth and Fourteenth Amendment rights by not bringing him before a judge for a timely commitment hearing. (See Complaint ¶¶ 17-18, 27-28, 41-42, 49-50). This claim accrued no later than Smith's release from custody on August 9, 2010. (See id. ¶ 81); see Lovett, 327 F.3d

at 1182 (stating that the limitations period begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.") (internal quotation marks omitted). Because Smith did not file the present complaint until March 2013, more than two years later, his due process claims are untimely.

Smith's complaint also includes claims for false imprisonment. Georgia courts have explained that a cause of action for false imprisonment accrues on the date that the plaintiff is released from custody. Reese v. Clayton County, 185 Ga.App. 207, 208, 363 S.E.2d 618, 620 (1987); Collier v. Evans, 199 Ga.App. 763, 764, 406 S.E.2d 90, 92 (1991). Here, Smith was released on August 9, 2010, (see Complaint ¶ 81), so he had to file his false imprisonment claims within two years of that date. Because Smith did not file the present complaint until March 2013, his false imprisonment claims are time-barred.

Smith's claims for intentional infliction of emotional distress are subject to Georgia's two-year statute of limitations for personal injury actions. Fleming v. Lee Eng'g & Constr. Co., 184 Ga.App. 275, 276, 361 S.E.2d 258, 260 (1987) (citing O.C.G.A. § 9-3-33). All of the actions described in Smith's complaint occurred between July and August of 2010. (See Complaint). Because Smith did not file the

7

present complaint until more than two years later, his claims for intentional infliction of emotional distress are time-barred.

The only remaining claims for the Court to consider are Smith's state-law claims for malicious prosecution. Because all of Smith's federal claims are subject to dismissal, I recommend that the Court decline to exercise supplemental jurisdiction over his malicious prosecution claims.[2] See 28 U.S.C. § 1367(c) (stating that a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (noting that the Eleventh Circuit "encourage[s] district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").

### III. Conclusion

Smith's application for leave to proceed IFP (Doc. 1) is **GRANTED**. However, a review of Smith's complaint reveals that all of his federal claims are untimely. Accordingly, I **RECOMMEND** that Smith's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

---

[2]This Court does not have original jurisdiction over Smith's malicious prosecution claims because they do not present a federal question, and there is no diversity of citizenship between Smith and the Defendants.

IT IS SO ORDERED AND RECOMMENDED, this 23rd day of July, 2013.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE