IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARLANDA A. SMITH, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.   : | CIVIL ACTION NO. |
| : | 1:13-CV-00768-RWS |
| MARNE L. MERCER, in her : | |
| official and individual capacity : | |
| with the DeKalb County Police : | |
| Department, *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER

This case comes before the Court on Plaintiff's Motion for Reconsideration [8]. After reviewing the record, the Court now enters the following Order.

### Background

In his complaint, Plaintiff Smith contends that his constitutional rights were violated when he was arrested for stalking on July 5, 2010, deprived on a timely commitment hearing and suffered malicious prosecution as a result of his related criminal proceedings. [4]. The story behind Smith's arrest begins in

2009, when he filed a civil rights action in this Court against Defendant Mercer, a Dekalb County, Georgia, police officer. Plaintiff alleges that in the earlier action Mercer attempted to evade service of his complaint. He attempted to assist the U.S. Marshals Service in effecting service by calling Mercer at her place of work, asking her to contact the Marshals and stop evading service, calling Mercer's supervisor and Mercer's attorney. These repeated calls resulted in Smith's arrest and subsequent criminal trial on charges of stalking and harassing phone calls. In 2011, Smith received a directed verdict on the stalking charges, but a jury convicted him on the harassing phone calls charge. (See State v. Smith, No. 10C25838, Sup. Ct. Of DeKalb Cnty, Ga., available at www.ojs.dekalbga.org.) He also pled guilty to another charge of harassing phone calls.

In her Report and Recommendations ("R&R"), the Magistrate Judge recommended that Plaintiff's federal claims be dismissed as barred by the applicable two year statute of limitations. [2] Plaintiff filed objections to the R&R and argued that the statue of limitations periods were tolled pursuant to

Heck v. Humphry, 512 U.S. 477 (1994).[1] [5] He asserted that under Heck, his claims were not ripe until he received a judgment in his favor in a related criminal case.

After weighing both the Magistrate Judge's R&R and Plaintiff's objections, this Court dismissed Plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2) and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. [6] This Court reasoned that even if Heck applied, Plaintiff's claims were still subject to dismissal. For purposes of his malicious prosecution claims, Plaintiff could not demonstrate that he obtained a "favorable termination" in the criminal case because in that case he was convicted of the Count Four harassing phone calls charge and pled guilty to the Count Eight harassing phone calls charge. In support of its decision, this Court cited

---

[1] He further alleged that "in three previous civil actions filed by Smith, this Court dismissed claims related to the ones he is attempting to raise because they were not ripe for review" under Heck. [5 at 2]. It appears that Plaintiff has filed no less than eleven cases before this Court. Ten of these cases arose out of events in 2006, when Smith was charged with obstruction of an officer and violating a family violence temporary protective order. In his subsequent § 1983 cases against various government actors, he sought to amend his claims, and amendment was temporarily denied under Heck. He later sought and received the opportunity to amend his claims once the Heck bar was removed. See Smith v. Mercer et al., 1:09-cv-03008 [Doc. 78]. None of these prior cases involve the 2010 events Smith complains of in the instant action.

3

Kossler v. Crisanti, 564 F.3d 181, 188 (3d Cir. 2009), a Third Circuit case with similar facts, which found that a party could not show a "favorable termination" for purposes of a subsequent malicious prosecution claim when during the same criminal prosecution, based on the same criminal act, he was acquitted of one charge and convicted of a different charge.  Plaintiff Smith, proceeding *pro se*, moves for reconsideration of this Court's Order of September 20, 2013 [6].

## Discussion

**I.     Motion for Reconsideration**

    A.     Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

    B.     Analysis

In his Motion for Reconsideration, Plaintiff argues that it was a clear

4

error for this Court to rely on the Third Circuit case of <u>Kossler v. Crisanti</u>, 564 F.3d 181, 188 (3d Cir. 2009) because the Eleventh Circuit's holding in <u>Uboh v. Reno</u>, 141 F.3d 1000 (11th Cir. 1998) requires this Court to conclude that under the facts of this case, Plaintiff had a "favorable termination" of his related criminal proceedings for purposes of his malicious prosecution claims.[2]

In <u>Uboh</u>, the plaintiff filed a *Bivens* action for malicious prosecution arising out of his prior criminal proceedings. <u>Id</u>. at 1001. Uboh's indictment included two distinct offenses – drug importation and credit card fraud. <u>Id</u>. Although Uboh was convicted of credit card fraud, charges relating to the drug importation were unilaterally dismissed by the AUSA. <u>Id</u>. The district court dismissed Uboh's subsequent *Bivens* action as time-barred under the two-year

---

[2] The statute of limitations period for Plaintiff's § 1983 claims of false arrest and false imprisonment "begins to run at the time the claimant becomes detained pursuant to legal process." <u>Wallace v. Kato</u>, 549 U.S. 384, 397 (2007). In <u>Wallace</u>, the Supreme Court declined to apply the rule of deferred accrual for statute of limitations as discussed in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (involving claims of malicious prosecution) to petitioner's § 1983 claims of false arrest and false imprisonment. <u>Id</u>. at 394. As this Court is not aware of any state law tolling the statute of limitations, and Plaintiff has not argued its applicability, these claims were properly dismissed as untimely. <u>See id</u>. It appears therefore that the only issue before this court is whether it was clear error to dismiss Plaintiff's malicious prosecution claims under 28 U.S.C. § 1915(e)(2).

5

statute of limitations, but Uboh argued that his claims, akin to claims of malicious prosecution, were timely under Heck, because his claims did not accrue until the charges against him in the related criminal case were dismissed. Id. at 1001-1002.

The Eleventh Circuit reversed and found that Uboh's malicious prosecution claims were timely. Id. at 1007.  The statute of limitations issue and deferred accrual turned on whether the plaintiff had stated a claim for malicious prosecution – specifically, if the plaintiff obtained a "favorable termination" of his related criminal case. Id. at 1003-1004.  Although Uboh was convicted on charges of credit card fraud, the Eleventh Circuit found that he met the "favorable termination" requirement for purposes of his malicious prosecution action because his drug charges had been dismissed.  The Eleventh Circuit reasoned:

> Each of these offenses contains *entirely different elements*, neither charge is a lesser-included offense of the other, and *the charges were not tried as part of the same proceeding*; in this context, it is reasonable to interpret the prosecutor's decision to not pursue the drug-related charges as consistent with (though perhaps not dispositive proof of) a finding of innocence on these specific counts of the indictment.

Id. at 1005 (emphasis added).  The Court cautioned, however, that:

6

> Our consideration of these factors is not intended to convey any determination as to whether, given a different set of circumstances, dismissal of charges that *do* arise out of the same set of circumstances as the charges for which a defendant was convicted might constitute termination in favor of the accused. We only note that the unique combination of factors present in this particular case further bolsters our conclusion that voluntary dismissal of charges by the prosecutor is a favorable termination for purposes of malicious prosecution.

Id. at n.8.

In light of the Eleventh Circuit's reasoning in Uboh, this Court finds that Plaintiff has not shown that he obtained a "favorable termination" of his prior criminal case to save his malicious prosecution claims.  Distinguishable from the Uboh plaintiff, it appears that Plaintiff's charges: (1) contained similar elements[3] and (2) the charges were tried as part of the same proceeding.[4]  As

---

[3] Compare O.C.G.A. § 16-11-39.1 ("Harassing phone calls. (a) A person commits the offense of harassing phone calls if such person telephones another person repeatedly, whether or not conversation ensues, *for the purpose of annoying, harassing, or molesting another person...*") (emphasis added), with O.C.G.A. § 16-5-90(a)(1) (Stalking.  "A person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person *for the purpose of harassing and intimidating the other person....*") (emphasis added).

[4] According to the Dekalb County, GA records online, it appears that on March 7, 2011, judge and jury considered charges against Plaintiff of stalking and harassing phone calls.  The judge entered a directed verdict in favor of Plaintiff on the stalking charge, and the jury handed down a guilty verdict on the harassing phone call charge.

7

Plaintiff's facts are distinguishable from those in Uboh, and particularly in light of the Eleventh Circuit's cautionary language for "charges that do arise out of the same set of circumstances" and of the "unique combination of factors present in this particular case," this Court finds that Plaintiff has not shown a clear error of law or fact to warrant reconsideration in this case. See also Kapordelis v. Danzig, 387 Fed. Appx. 905, 907 (11th Cir. 2010) (distinguishing Uboh on the facts and reiterating that in Uboh, "the counts on which he was convicted were entirely different offenses that were tried in a separate proceeding"). See also Kossler v. Crisanti, 564 F.3d 181, 189 (3d Cir. 2009) (finding no "favorable termination" when at the same proceeding, plaintiff was acquitted on one charge and convicted on a different charge and charges arose out of the same acts).

     Because Plaintiff has not established a "favorable termination" of his related criminal charges, his malicious prosecution claims fail. Therefore, he has not shown that statutes of limitations were tolled, and his federal claims remain subject to dismissal under 28 U.S.C. § 1915(e)(2).

---

Three months later, Plaintiff pled guilty to another count of harassing phone calls.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Reconsideration [8] is hereby **DENIED.**

**SO ORDERED**, this   28th   day of February, 2014.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)